# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHANETTE MARSHBANKS, as ) | | |
| Special Administrator of the Estate of ) | | |
| Archie Lee Chambers, Jr., ) | | |
| ) | | |
| Plaintiff, ) | Case No. 13 C 2978 | |
| ) | | |
| v. ) | Judge Amy J. St. Eve | |
| ) | | |
| CITY OF CALUMET CITY, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

The Court grants Defendants' motion to dismiss without prejudice [41]. Plaintiff's Second Amended Complaint in compliance with this order is due on or before January 17, 2014.

## STATEMENT

On September 10, 2013, the Court granted in part Defendants' motion to dismiss without prejudice, and on September 26, 2013, Plaintiff Anthanette Marshbanks, as the Special Administrator of the Estate of Archie Lee Chambers, Jr., brought the present Amended Complaint against Defendants City of Calumet City and individual Calumet City police officers alleging constitutional violations pursuant to 42 U.S.C. § 1983, as well as state law claims. Before the Court is Defendants Calumet City's, Lieutenant Thomas Difiori's, and Police Chief Edward Gilmore's motion to dismiss Plaintiff's conspiracy claim brought pursuant to 42 U.S.C. § 1983 in Count III and Plaintiff's common law intentional infliction of emotional distress claim in Count V pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because Plaintiff seeks to voluntarily dismiss Count V against Defendants Difiori and Gilmore without prejudice, the Court grants this aspect of Defendants' motion to dismiss. The Court also grants Defendants' motion to dismiss Count III without prejudice. Further, the Court grants Plaintiff leave to amend her Section 1983 conspiracy claim.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

---

[1] On December 17, 2013, the Court granted the other individual Defendant Officers' motion to join the present motion to dismiss [67].

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

In her Amended Complaint, Plaintiff alleges that on April 21, 2012, one or more Calumet City police officers shot and killed her son, Archie Chambers Jr. (R. 34, Am. Compl. ¶¶ 2, 5.) Plaintiff maintains that Chambers was attending a car show at What's Up Bar and Grill in Calumet City that evening and that the shooting of Chambers took place outside of the bar in the parking lot. (*Id.* ¶¶ 8, 10.) Prior to the Chambers shooting, someone had shot Chambers' friend, Willie Randall White, Jr. (*Id.* ¶ 9.) Thereafter, Calumet City police officers arrived at the scene in response to a call that shots were fired. (*Id.* ¶ 12.)

Plaintiff alleges that when the police officers arrived, they did not know who the original shooter was and had no information implicating Chambers in any illegal or improper conduct. (*Id.* ¶ 13.) Meanwhile, after the White shooting, Chambers attempted to leave the area by jumping a fence on the south side of the parking lot. (*Id.* ¶ 14.) Plaintiff contends that the Calumet City police officers – without knowledge of who committed the original shootings – began shooting at Chambers when he was on top of the fence. (*Id.* ¶ 15.) Three of the police officers' shots hit Chambers resulting in his death. (*Id.* ¶¶ 16, 19.) Plaintiff further maintains that Chambers did not shoot White or anyone else on the night in question and that the police did not recover a gun or weapon from her son's body. (*Id.* ¶¶ 11, 19.) In addition, Plaintiff alleges that when Chambers was leaving the parking lot, he did not pose a threat to the safety or well-being of any of the police officers or anyone else located in the immediate vicinity of the White shooting. (*Id.* ¶¶ 20-21.)

In her Amended Complaint, Plaintiff brings the following claims: (1) an excessive force claim against certain police officers in Count I; (2) an excessive force claim against Calumet City brought pursuant to *Monell v. Dep't of Soc. Servs. of the City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); (3) a Section 1983 conspiracy claim against all of the individual police officers in Count III; (4) a failure to intervene claim against certain police officers in Count IV; (5) a common law intentional infliction of emotional distress claim against the individual police officers in Count V; (6) a state law wrongful death claim against certain police officers in Count VI; (7) a state law survival act claim against certain officers in Count VII; (8) a respondeat superior claim against Calumet City in Count VIII; and (9) an indemnification claim brought pursuant to 745 ILCS 10/9-102 in Count IX.

2

## ANALYSIS

In general, to establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) individuals reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity. *See Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012); *see also Sow v. Fortville Police Dep't,* 636 F.3d 293, 304 -05 (7th Cir. 2011) ("To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him") (citation omitted). Plaintiff's original complaint failed to properly allege her conspiracy claim because she only offered conclusory statements rather than specific allegations against the individual police officers. *See Bank of America, N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful."). In particular, she alleged that all of the named individual officers either conspired to create false reports of the Chambers shooting or did not prepare any reports in the first place.

Marshbanks' amended Section 1983 conspiracy claim fares no better than her original allegations because she fails to identify the wrongful conduct of the individual named Defendant Officers. *See Knight,* 725 F.3d at 818 ("Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope.") Instead, Marshbanks alleges that in "furtherance of the conspiracy, each of the co-conspirators committed overt acts by knowingly and willfully disregarding the reporting requirements of the department's General Orders and was an otherwise willful participant in the joint activity. (Am. Compl. ¶ 47.) She further alleges that all of the individual officers reached an agreement to deny Chambers his constitutional rights "as described in the various paragraphs of this Complaint." (*Id.* ¶ 46.) In addition, she maintains that the individual Defendant Officers conspired to create a single false report of Chambers' shooting. (*Id.* ¶ 48.)

Accepting Plaintiff's factual allegations as true and in a light most favorable to her, she has failed to allege sufficient facts that state a claim to relief that is plausible on its face. *See Iqbal,* 556 U.S. at 662 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court, nevertheless, grants Plaintiff leave to amend her Section 1983 conspiracy claim with the caveat that this is the last time the Court will grant such leave allowing Plaintiff the opportunity to give the individual defendants notice of her conspiracy allegations against them and to properly frame her conspiracy claim. *See Knight*, 725 F.3d at 819; *Agnew v. National Collegiate Athletic Ass'n,* 683 F.3d 328, 347 (7th Cir. 2012).

Meanwhile, Plaintiff explains that because discovery has yet to take place, she has set forth the factual allegations to the best of her ability. Under Rule 11, however, counsel is required to conduct a pre-filing investigation to uncover facts supporting a plaintiff's claims. *See Brunt v. Serv. Emp. Int'l Union,* 284 F.3d 715, 721 (7th Cir. 2002) ("Rule 11 imposes a duty

on attorneys to ensure that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose."); *see, e.g., Charles v. Cotter,* 867 F.Supp. 648, 654 n.1 (N.D. Ill. 1994) (plaintiff may obtain police records via subpoena prior to filing suit). Moreover, a plaintiff may plead on information and belief if the matter is not within her personal knowledge. *See* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1224 (1990). Counsel should keep these concepts in mind when re-alleging Plaintiff's Section 1983 conspiracy claim.

Finally, in their motion to dismiss, Defendants also argue that the intracorporate conspiracy doctrine bars Plaintiff's Section 1983 conspiracy claim. In general, the intracorporate conspiracy doctrine precludes conspiracy claims against members of the same entity acting within the scope of their authority. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 632-33 (7th Cir. 1999); *Wright v. Illinois Dep't of Children & Family Servs.,* 40 F.3d 1492, 1508 (7th Cir. 1994). "Although the Seventh Circuit has not directly addressed the application of the intracorporate conspiracy doctrine in the context of § 1983 cases alleging police misconduct, several courts in this district have recognized that '[t]he argument for applying the doctrine in § 1983 cases involving egregious police misconduct is particularly weak.'" *Petrishe v. Tenison,* No. 10 C 7950, 2013 WL 5645689, at *6 (N.D. Ill. Oct. 15, 2013) (quoting *Johnson v. Village of Maywood,* No. 12 C 3014, 2012 WL 5862756, at *3 (N.D. Ill. Nov. 19, 2012) (collecting cases)).

In any event, there are exceptions to the intracorporate conspiracy doctrine, including where the alleged conspiracy is part of some broader unlawful pattern that permeates the ranks of the organization's employees. *See Hartman v. Board of Trs. of Cmty. Coll. Dist. No. 508,* 4 F.3d 465, 471 (7th Cir. 1993). Here, Marshbanks alleges that her conspiracy claim is based on her *Monell* allegations that the Calumet City Police Department has a de facto pattern and practice to conceal police officer misconduct. Because Plaintiff's allegations are in the context of an alleged pattern involving police misconduct, the intracorporate conspiracy doctrine does not apply under the circumstances. *See Petrishe*, 2013 WL 5645689, at *6; *Jefferson v. City of Harvey,* No. 98 C 5834, 2000 WL 15097, at *5 (N.D. Ill. Jan. 5, 2000).

**Dated:** December 18, 2013

_____
**AMY J. ST. EVE**
**United States District Court Judge**

4